**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NORVELL VAS** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 08-5960** |
| | : | |
| **CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OPINION**

**Tucker, C.J.**                                                        **August 1, 2014**

It has been over five years since Plaintiff Norvell Vas ("Plaintiff") filed his initial

Complaint in the instant matter.  Since that time, Plaintiff has filed numerous motions with the

Court, ranging from Motions to Compel to the novel Motion to Excuse all Procedural Errors.

Finally, the matter is before the Court on summary judgment.  Upon consideration of Defendants

City of Philadelphia, Sheriff's Deputy John Hamilton, and P/O Eric Riddick's ("Defendants")

Motion for Summary Judgment (Doc. 119), Plaintiff's Response in Opposition thereto (Doc.

142),  Defendants' Reply (Doc. 147), and all briefs and exhibits attached thereto, the Court will

grant Defendants' motion.

## I.  BACKGROUND

In his Amended Complaint (Doc. 109), Plaintiff alleges that Defendants violated

Plaintiff's First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by intimidating,

1

threatening, and physically assaulting him during his criminal trial.  The relevant facts follow.[1]

In February 2007, Plaintiff was on trial for two separately charged matters which had been consolidated for the purposes of trial: CP-51-CR-0302631-2004,[2] and CP-51-CR-0905601-2003.[3]  On certain days of Plaintiff's criminal trial, Sheriff's Deputy John Hamilton ("Hamilton") was present in the custody cell adjacent to the courtroom.  During their first encounter, Hamilton verbally threatened Plaintiff in the custody cell.  Pl. Dep. 19-20.  On a subsequent day, Hamilton allegedly allowed Police Officer Eric Riddick ("Riddick") and Riddick's friend, Erston Odom, into the custody cell.  All three then threatened Plaintiff with physical harm.  Id. at 20:12-21.  On February 20, 2007, as Plaintiff attempted to walk to the witness stand to testify in his own defense, Hamilton struck him on the chin and neck, grabbed and twisted his collar in a choking fashion, and pulled him from the defense table to the witness stand.  This incident was witnessed by the jury, defense counsel, the assistant district attorney, and the trial judge.  As Hamilton struck him, Plaintiff asked the trial judge why Hamilton was dragging him like a dog.  Id. 24:14-19; Defs.'s Ex. D.  Plaintiff testified that he had reddening as a result of the incident, but no bruises or broken bones.  Id. 27:7-11.  This was the only event in which Hamilton physically assaulted Plaintiff.  Id. 27:12-18.

Plaintiff was convicted on several charges, including murder, criminal conspiracy, and violations of the Uniform Firearms Act ("UFA").  On appeal, the Superior Court of Pennsylvania

---

[1] These facts are taken from Defendants' Statement of Undisputed Material Facts.  Defs.' Mot. Summ. J. 4-6. Although Plaintiff generally objected to Defendants' motion in his ninety- (90) page Response, he has not specifically objected to any of the following facts.  Therefore, the Court will regard these facts as stipulated.
[2] Plaintiff was charged with the following: 18 § 2502: Murder of the third degree; 18 § 6106: Firearms not to be carried without a license; 18 § 6108: Carrying firearms on public streets or public property in Philadelphia; 18 § 6105: Persons not to possess firearms; 18 § 907: Possessing instruments of crime; and 18 § 903: Criminal conspiracy.
[3] Plaintiff was charged with the following: 18 § 6106: Firearms not to be carried without license; 18 § 6108: Carrying firearms on public streets or public property in Philadelphia; 18 § 6105: Persons not to possess firearms.

vacated the murder and criminal conspiracy charges, and remanded the UFA violations for a new trial.  See Commonwealth v. Vass, No. 1375 EDA 2007 (Pa. Super. 2010).  The murder and conspiracy charges were subsequently dismissed, and Plaintiff negotiated a guilty plea as to two of the UFA charges.  On October 3, 2012, Plaintiff filed a Post-Conviction Relief Act Petition which remains pending.  Defs.'s Reply 3.

## II.    STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "genuine" issue exists where there is a "sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party."  Byrne v. Chester County Hosp., Civ. A. No. 09-889, 2012 WL 410886, at *2 (E.D. Pa. Sept. 19, 2012) (citing Kaucher v. Cnty. Of Bucks, 455 F.3d 418, 423 (3d Cir. 2006)).  "A factual dispute is 'material' if it might affect the outcome of the case under governing law."  Id.  All factual doubts should be resolved, and all reasonable inferences drawn, in favor of the nonmoving party.  Torretti v. Main Line Hospitals, Inc., 580 F.3d 168, 172 (3d Cir. 2009) (citing DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 216 (3d Cir. 2007)).  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007) (quoting Anderson, 477 U.S. 252 at 250).  The movant is responsible for "informing the court of the basis for its motion for summary judgment and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact."  Byrne, 2012 WL 410886 at *2 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d

3

265 (1986)).

III.   **DISCUSSION**

Defendants first argue that Plaintiff's claims are barred under Heck v. Humphrey, 512

U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In Heck, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (emphasis added) (citations omitted).  "Thus, when a state prisoner

seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of

the plaintiff would necessarily imply the invalidity of his conviction or sentence."  Id.  If the

court answers in the affirmative, the claim must be denied "unless the plaintiff can demonstrate

that the conviction or sentence has already been invalidated."  Id.

Defendants contend that Heck bars Plaintiff's claims because Plaintiff alleges that he was

deprived of a fair trial, and therefore success on his claims would entail a finding that his trial

rights had been violated and his conviction was invalid.  Although Plaintiff's convictions were

vacated and remanded on direct appeal, discussed *supra*, Defendants assert that Plaintiff later

plead guilty to two of the original UFA charges for which he was initially convicted.  Because

these two convictions were not reversed on appeal or otherwise challenged, Defendants conclude

that Heck is applicable here.

The Court agrees.  Success on Plaintiff's constitutional claims would necessarily imply

the invalidity of his UFA guilty pleas, as Plaintiff himself has made abundantly clear.  See Pl.

4

Am. Compl. 15 ("The attack upon Plaintiff . . . transpired in open court in the presence of the jury and all court room spectators, thereby infecting, affecting the 'trial matter' adversely."); Pl. Dep. 28:4-11 ("So my claim is that this man assaulted me and he deprived me of fair proceedings.  He deprived me of anybody deserves a fair trial."); Pl. Resp. Mot. Summ. J. 60 ("A reasonable jury in this civil action can easily deduce from the evidence that since there was no evidence to convict [Plaintiff] of homicide the extra-judicial influces [sic] tipped the scales in favor of guilt.").  Plaintiff's negotiated guilty pleas and sentences have not been invalidated.  See Fuchs v. Mercer Cnty., 260 F. App'x 472, 474 (3d Cir. 2008) ("The District Court agreed with defendants' contention that Fuchs' § 1983 suit for damages was barred by *Heck v. Humphrey,* because he failed to show that his guilty plea conviction had been appealed, overturned or even questioned in any way by any court."); Gilles v. Davis, 427 F.3d 197, 209 n.8 (3d Cir. 2005)("[U]nder Heck . . . a guilty plea . . . [is] sufficient to bar a subsequent § 1983 claim."); Elliot v. McChefsky, CIV.A. 08-5429, 2009 WL 3150358 (E.D. Pa. Sept. 24, 2009) ("The Third Circuit held in *Gilles v. Davis* that the *Heck* analysis applies to guilty pleas as well as to convictions.") (internal citation omitted).  The pending PCRA action does not alter this fact.  See Robinson v. Rudenstein, CIV.A. 07-3160, 2008 WL 623594 (E.D. Pa. Mar. 6, 2008) (applying Heck to bar claims in case where PCRA decision was pending); Johnson v. Duffy, CIV.A.94-5565, 2004 WL 1278016 (E.D. Pa. June 8, 2004) ("Plaintiff argues that dismissal of his action at this time would be inappropriate, because he has retained counsel who is currently in the process of preparing a second PCRA petition challenging his conviction. Assuming, *arguendo,* that Plaintiff's assertion is accurate, the mere fact that Plaintiff intends to file a PCRA Petition does not alter the Court's conclusion. The Supreme Court clearly held in *Heck* that Section 1983 claims challenging a plaintiff's underlying criminal conviction do not accrue unless and until the

conviction is invalidated.").  Furthermore, the dismissal of Plaintiff's murder and criminal

conspiracy charges does not change the fact that success on Plaintiff's claims would imply the

invalidity of the UFA guilty pleas.  See, e.g., Lynn v. Desiderio, 159 F. App'x 382, 384 (3d Cir.

2005) (holding that dismissal of one charge 'does not alter the fact' that success on plaintiff's

constitutional claims would necessarily imply the invalidity of his conviction on another charge);

Introcaso v. Polyak, CIV.A.07-3726, 2008 WL 2697327 (E.D. Pa. July 9, 2008) aff'd sub nom.

Introcaso v. Meehan, 338 F. App'x 139 (3d Cir. 2009) ("Notwithstanding the Third Circuit's

reversal of the conviction on Count I, Introcaso cannot demonstrate that his conviction on Count

II or his sentence has been invalidated.").  Therefore, Heck bars the entirety of Plaintiff's claims,

and the Court need not consider Defendants' other arguments.

**IV.** **CONCLUSION**

  For the foregoing reasons, Defendants' motion is granted as to the entirety of Plaintiff's

claims.  An appropriate Order follows.